UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CROSS,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL CONTRA COSTA TRANSIT AUTHORITY,<br><br>    Defendant. | Case No. 21-cv-01312-JST<br><br>**DENYING MOTION TO MODIFY SCHEDULING ORDER AND CONTINUE HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 63 |

Before the Court is Plaintiff's motion for a modified scheduling order and continuance of hearing on Defendant's motion for summary judgment. ECF No. 63. The Court will deny the motion.

**I.  BACKGROUND**

On February 24, 2021, Plaintiff Shannon Cross filed this action against her former employer Central Contra Costa Transit Authority ("CCCTA") for discrimination, retaliation, and harassment in violation of California's Fair Employment and Housing Act and Title VII of the Civil Rights act, after she was terminated from her job as a transit operator. ECF No. 1.  Cross, a Black Muslim woman, alleges she was subject to harassment and discrimination for her religious practice of wearing a Hijab. *Id.* ¶ 1.  Soon after she complained to Human Resources about the harassment and discrimination, she was terminated. *Id.*  CCCTA denies these allegations of harassment and discrimination.  Rather, CCCTA contends it terminated Cross for legitimate, non-discriminatory reasons—for sideswiping a bicyclist, running 30 stop signs and red lights over the course of two hours, failing to stop at BART crosswalks, and using her cellphone while in the operator's seat of the bus. ECF No. 56 at 9.

On June 14, 2021, the Court, in accordance with the parties' proposed scheduled, issued its

scheduling order setting the fact discovery cut off date as May 13, 2022; the expert discovery cutoff date as August 31, 2022; and the dispositive motion deadline as August 4, 2022.  ECF No. 18.  That same day the Court referred the case to Magistrate Judge Westmore for settlement, after which the parties engaged in multiple settlement conferences.  ECF Nos. 19, 24, 33, 55.  Pursuant to the parties' stipulations, the Court amended its scheduling order seven times.  ECF Nos. 26, 28, 31, 35, 38, 42, 50.  The latest and operative scheduling order set the close of fact discovery as December 21, 2023; the close of expert discovery as April 4, 2024; and the dispositive motion deadline as May 16, 2024.  ECF No. 50.

On April 11, 2024, CCCTA filed a motion for summary judgment, noticing it for May 16, 2024, in accordance with the scheduling order.  ECF No. 56.  On April 25, 2024, the day her response was due, Cross filed a motion for an extension of time, until May 17, 2024, to file a response to CCCTA's motion, which the Court granted.  ECF Nos. 58, 59.  On May 17, 2024, Cross filed this motion for a modified scheduling order and continuance of the summary judgment hearing, requesting the Court: (1) allow the parties defer expert disclosure, discovery, and Daubert motions until after the hearing on CCCTA's summary judgment motion; (2) continue the hearing on the summary judgment motion until September 12, 2024, to allow time for Cross to complete necessary discovery; and continue the trial date to April 14, 2025.  ECF No. 63 at 2.  CCCTA opposed the motion.  ECF No. 64.

**II.     JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

**III.    LEGAL STANDARD**

**A.     Rule 16**

A "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted).  Rather, a scheduling order "may be modified only for good cause with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing

2

the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

**B.     Rule 56(d)**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Generally, Rule 56(d) allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). To prevail on a Rule 56(d) motion, the "parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty. Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citations omitted). Courts generously grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (citations omitted).

**IV.     DISCUSSION**

Cross filed this motion under Rule 56(d) of the Federal Rules of Civil Procedure, contending additional discovery is needed to oppose CCCTA's motion for summary judgment. Specifically, Cross seeks: (1) to depose CCCTA HR Manager Lisa Rettig; (2) additional time to depose CCCTA's Rule 30(b)(6) witness; (3) records responding to Cross's January 10, 2023, document production request; and (4) expert declarations. ECF No. 63. CCCTA argues the motion is more appropriately analyzed as a modification of the Court's scheduling order under Rule 16(b)(4) because it comes after the close of discovery and motion cutoff dates set by the

3

1   Court's scheduling order.  ECF 64 at 3 (citing *Chicago Title Co. v. Mireles*, No. CV 22-1995
2   MWF (AFMx), 2023 WL 4155406, at *1 (C.D. Cal. Feb. 27, 2023) and *Clauder v. Cnty. of San
3   Bernardino*, ED CV 14-2011 PA (JCx), 2016 WL 145864, at *3 (C.D. Cal. Jan 11, 2016)).
4   "Regardless, under both Rule 56(d) and Rule 16 the party making the request must show
5   diligence." *Chicago Title Co.*, 2023 WL 4155406, at *2.  Cross has failed to do so.

6         Cross's purported need to take the deposition of Lisa Rettig and complete the Rule
7   30(b)(6) witness deposition is insufficient to modify the Court's scheduling order, as Cross failed
8   to diligently pursue witness depositions while discovery was open.  Cross initially noticed Ms.
9   Rettig's deposition for December 19, 2022, but recognized that given the holidays and pre-existing
10  vacations, it would need to be rescheduled.  Trembly Decl. ¶¶ 9–10, ECF No. 65.  Seven months
11  later, on July 19, 2023, Cross noticed Ms. Rettig's deposition for August 10, 2023, but cancelled
12  eight days prior due to counsel's family obligations.  *Id.* ¶ 12.  Cross noticed Ms. Rettig's
13  deposition again for August 24, 2023, but canceled the day before.  *Id.* ¶ 14.  The parties then
14  agreed to reschedule Ms. Rettig's deposition to September 21, 2023, but Cross failed to appear.
15  *Id.* ¶ 15.  Cross then let the fact deadline discovery expire without attempting to reschedule Ms.
16  Rettig's deposition.  *Id.*  As for CCCTA's Rule 30(b)(6) deposition, the parties agreed for Cross to
17  conduct the deposition after the December 21, 2023 fact discovery cutoff and set the deposition for
18  January 30, 2024.  *Id.* ¶ 18.  Although Cross contends she did not finish deposing the Rule
19  30(b)(6) witness, she never noticed a second day for the deposition, nor did she move the Court
20  for an opportunity to do so.  *Id.* ¶ 19.  It was not until May 15, 2024, just two days before her
21  deadline to oppose CCCTA's motion for summary judgment, that Cross proposed she be allowed
22  to continue the deposition before filing her opposition.  *Id.*

23        Cross's need for documents responsive to her January 10, 2023, request is likewise
24  insufficient.  CCCTA contends the parties met and conferred over the scope of that request for
25  several months and that it has produced all responsive documents.  ECF No. 64 at 5.  At no time
26  before the fact-discovery cutoff date did Cross claim that CCCTA's document production was
27  insufficient or otherwise move to compel supplemental production.  Trembly Decl. ¶ 6, ECF No.
28  65.  Instead, Cross waited until December 28, 2023, after fact discovery had closed, to raise any

1    concern. *Id.* This does not constitute diligence. *See Helfand v. Gerson*, 105 F.3d 530, 536 (9th
2    Cir. 1997) (failure to obtain information was plaintiffs' fault when they did not challenge the
3    assertion of privilege or bring a motion to compel production).

4        Finally, Cross has failed to show diligence in pursuing expert witness discovery. Cross
5    contends that certain facts raised by the motion for summary judgment, such as whether the
6    termination of Cross following a single collision is consistent with the transit authority's policy
7    and practice and whether the fault of the bicyclist was a major contributor to the collision, are
8    within the topics of anticipated expert testimony, and evidence precluding summary judgment will
9    be obtained from such experts. ECF No. 63 at 6. However, according to Cross, at least one of the
10   experts is unavailable to begin work on the declaration until the beginning of June and will need at
11   least until the end of June to complete their work. *Id.* As CCCTA points out, however, Cross has
12   had several years to retain experts and obtain expert discovery. *See* ECF No. 50. She fails to
13   explain why she could not have obtained her expert declarations earlier.

14       Cross justifies her delay in pursuing discovery on the basis of the parties' ongoing
15   settlement efforts. Cross explains that "to facilitate settlement possibilities, [she] deferred
16   completion of some discovery" in order "to limit the accrual of attorneys' fees and costs, to make
17   settlement more feasible." ECF No. 63 at 3. Cross's desire to limit costs does not justify her
18   failure to complete discovery in accordance with the Court's scheduling order. *See Wood v.*
19   *Boeing Co.*, No. C20-512 MJP, 2021 WL 1720993, at *3 (W.D. Wash. Apr. 30, 2021) ("While the
20   Court understands that Wood sought to limit costs, that does not justify the failure to be prepared
21   to oppose a dispositive motion."). Cross also argues "the parties agreed to defer expert disclosure
22   and discovery until after that process concluded." ECF No. 63 at 3. CCCTA disputes this. ECF
23   No. 64 at 6. Because there is no written evidence of the asserted agreement, the Court is unable to
24   find that one was ever reached. Nor do counsel's scheduling conflicts provide good cause. *See*
25   *Fitch v. City of Claremont*, LA CV 14-07852 JAK (SSx), 2015 WL 13357605, at *12 (C.D. Cal.
26   Dec. 8, 2015) ("That Plaintiff's counsel has a busy practice is not a sufficient excuse."); *Shafer v.*
27   *C.R. Bard, Inc.*, No. C 20-1056 RSM, 2021 WL 4441428, at *1 (W.D. Wash. Sept. 28, 2021) (no
28   good cause to continue trial because "conflict was of his counsel's own making" and plaintiff

"failed to demonstrate diligence in bringing it to the Court's attention.").

Cross had years to complete discovery in this case and agreed to the close of fact discovery on December 21, 2023; the close of expert discovery on April 4, 2024; and dispositive motion deadline of May 16, 2024.  ECF No. 50.  If Cross believed additional time was necessary to complete discovery in order to effectively oppose summary judgment, she could—and should—have sought to amend those dates prior to their expiration.  Instead, she waited until the day her response to CCCTA's motion was due.  Cross has failed to demonstrate diligence.

## CONCLUSION

For the foregoing reasons, Cross's motion to modify the scheduling order is denied.  Cross will have seven days from the date of this order to file a response to CCCTA's motion for summary judgment.  CCCTA's reply is due seven days thereafter.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

**IT IS SO ORDERED.**

Dated: June 5, 2024



JON S. TIGAR
United States District Judge