UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CROSS,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL CONTRA COSTA TRANSIT AUTHORITY,<br><br>    Defendant. | Case No. 21-cv-01312-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: ECF No. 80 |

Before the Court is Plaintiff's motion to consider whether another party's material should be sealed. ECF No. 80. Defendant filed a response pursuant to Civil Local Rule 79-5(f). ECF No. 84. Plaintiff has agreed to withdraw Exhibit B109 as not relevant to the summary judgment motion. ECF No. 91. Defendant argues that the Court should exclude Exhibit Nos. B22–33, 43, and 48–120, because they were not properly referenced in Plaintiff's opposition. ECF No. 90 at 3–4. Upon review, the Court finds that Plaintiff sufficiently identified this evidence and denies Defendant's request to exclude it from this order.

With respect to Plaintiff's sealing motion, Defendant argues the disciplinary records of non-party employees should be filed under seal and that personal identifying information, specifically names, addresses, telephone numbers, email addresses, dates of birth, social security numbers, and driver's license numbers in the remaining documents should be redacted. ECF No. 90 at 5–6.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Local Rule 79-5 requires that the

1   request be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c).

2         Because the documents relate to a motion for summary judgment, the party seeking to seal
3   must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1179–81. That is, they
4   must "articulate compelling reasons supported by specific factual findings that outweigh the
5   general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (quotation
6   marks, alteration, and citation omitted). Examples of compelling reasons include preventing "the
7   use of records to gratify private spite, promote public scandal, circulate libelous statements, or
8   release trade secrets." *Id.* at 1179.

9         The parties do not dispute, and the Court agrees, that personal identifying information,
10  specifically social security numbers, dates of birth, home addresses, and phone numbers should be
11  sealed. ECF No. 90 at 5–6; ECF 91 at 4. The Court agrees with Defendant that in addition, email
12  addresses and driver's license numbers should also be redacted. Defendant has not demonstrated,
13  however, that compelling reasons warrant sealing all names and nonresidential addresses in the
14  exhibits, such as where an incident occurred. *See, e.g.*, Ex. B22.

15        Defendant also requests that the disciplinary records of non-party employees be sealed in
16  their entirety. ECF No. 90 at 5. Defendant contends that compelling reasons warrant sealing these
17  records because they "are not publicly available and constitute personnel records which must be
18  kept confidential." *Id.* However, Defendant has failed to make a particularized showing that these
19  entire exhibits should be under seal. Rather, it appears that "redacting the identifying information
20  of third parties (*e.g.*, their names, addresses, telephone numbers, and social security numbers)
21  from these records and disclosing the remaining information would not injure the third
22  parties . . . ." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The
23  video exhibits, Exhibit C1, C2, C3, and C4, shall remain sealed in their entirety because they
24  cannot be easily redacted. *See Doyle v. Galderma, Inc.*, No. 19-cv-05678, 2021 WL 4926999, at
25  *1 (N.D. Cal. Apr. 27, 2021) (finding sealing of entire exhibit was warranted when it contained
26  information which, if known about the employee, could harm him and could not be easily
27  redacted).

28        Accordingly, within 14 days of the date of this order Plaintiff shall file the exhibits

1  designated at ECF No. 80 (except exhibits C1-C4) on the public record, redacting social security
2  numbers, dates of birth, home addresses, phone numbers, email addresses and driver's license
3  numbers.  In addition, Plaintiff shall redact the names of non-party CCCTA employees from their
4  disciplinary and personnel records.  The Court has already directed the Clerk to restrict access to
5  Plaintiff's opposition brief.  ECF No. 75.  Plaintiff shall refile her opposition brief, redacting the
6  names of non-party CCCTA employees subject to disciplinary actions.  The Clerk shall maintain
7  the flash drive containing Exhibits C1-C4 under seal.

8  **IT IS SO ORDERED.**

9  Dated:  July 22, 2024



JON S. TIGAR
United States District Judge